NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3232

CHARLES E. POSEY,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Charles E. Posey, of Gadsden, Alabama, pro se.

Jane C. Dempsey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3232

CHARLES E. POSEY,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Appeal from the Merit Systems Protection Board in AT-1221-03-0888-M-2.

_____

DECIDED:   November 19, 2008

_____

Before NEWMAN, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

Petitioner Charles E. Posey ("Posey") appeals from a final decision of the Merit Systems Protection Board ("Board"). The Board affirmed a decision of the Department of Defense ("agency") removing petitioner from his position as a grocery department manager under a last chance agreement. We affirm.

## BACKGROUND

Posey was a grocery department manager at the Commissary at Fort McClellan, Alabama, from 1995 to 2000. He was placed on a 30-day performance improvement plan ("PIP") for unsatisfactory performance on September 10, 1998. On November 8, 1998, Posey sent a letter to Congressman Robert Aderholt describing mismanagement

at the Fort McClellan Commissary. On February 24, 1999, Posey was placed on a 60-day PIP. On September 22, 1999, Posey's removal was proposed. On January 11, 2000, Posey entered into a last chance agreement ("LCA") in which he waived certain appeal rights. Posey was removed from his position for unsatisfactory performance under the LCA on April 12, 2000. The Board affirmed. Posey v. Dep't of Def., 99 M.S.P.R. 152 (M.S.P.B. 2005).

On review, we held that under the LCA Posey had waived his right to argue that the February 1999 PIP, his subsequent performance appraisal, or the LCA itself involved retaliation for his whistleblowing. Posey v. Dep't of Def., 180 Fed. App'x 931, 934 (Fed. Cir. 2006). However, we also held that Posey had not "waived the right to argue that his supervisors retaliated against him while he was subject to the [last chance] agreement" and remanded the case to the Board to consider this claim. Id. at 935.

After further proceedings before the Board, the Administrative Judge ("AJ") held a hearing in December 2006 and issued an initial decision in November 2007, affirming Posey's removal. Posey v. Dep't of Def., No. AT-1221-03-0888-M-2, slip op. at 2 (M.S.P.B. Nov. 15, 2007). The AJ found that the official who removed Posey "was aware that [Posey] made a protected disclosure to a Congressional representative." Id. at 7. However, the AJ concluded that Posey had not shown that he suffered retaliation because of his whistleblowing activities. Id. at 16. The AJ found that Posey's testimony about performing duties that previously had been performed by employees under his supervision was not credible. Id. at 9. The AJ also found that the agency did not act in bad faith by requiring Posey to work under the direct supervision of someone targeted

by Posey's whistleblowing because Posey had "not identified someone other than [Posey's supervisor] who was knowledgeable, present, and available to supervise [Posey]." Id. at 8. The AJ also found that because Posey testified that he "was precluded from doing certain duties due to his inability to walk the store because of arthritis," because "[Posey] certified to [the Office of Personnel Management] he was unable to perform his essential duties," and because Posey's application for disability retirement was subsequently approved, the agency did not act in bad faith in removing Posey for unsatisfactory performance. Id. at 9.

The Board denied Posey's petition for review of the AJ's decision. Posey v. Dep't of Def., 108 M.S.P.R. 605 (M.S.P.B. 2008). The AJ's decision therefore became the final decision of the Board. Posey timely petitioned for review to our court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We may set aside a decision of the Board only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Leatherbury v. Dep't of the Army, 524 F.3d 1293, 1299-1300 (Fed. Cir. 2008).

The Board's conclusions regarding Posey's duties and supervision are supported by substantial evidence. The Board found that Posey's testimony about his duties was not credible, and that the testimony of his supervisors was credible, based in large part on testimony at the December 2006 hearing. We do not re-weigh evidence, and "[t]he credibility determinations of an administrative judge are virtually unreviewable on

appeal." Bieber v. Dep't of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002). We also see no merit in Posey's contentions that he was denied procedural rights during his hearing before the Board.

Accordingly, we affirm.

No costs.